## DODSON v. JONES, County Superintendent. (No. 5752.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 6. 1916.)

1. SCHOOLS AND SCHOOL DISTRICTS ⬦144(5) —TEACHERS—COMPENSATION.

Where the court found that a contract to pay relator $75 a month as school principal and $50 a month as janitor out of the free school money of the state was made to evade Rev. St. 1911, arts. 2780, 2781, providing that a teacher holding a first-grade certificate shall in no event receive more than $75 a month from the public free school fund, and also found that another person was employed as janitor in the same school, vouchers granted by the trustees for the additional salary to the principal as janitor were properly rejected by the county superintendent.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 313; Dec. Dig. ⬦144(5).]

2. SCHOOLS AND SCHOOL DISTRICTS ⬦144(5) —TEACHERS—COMPENSATION.

Rev. St. 1911, art. 2772, providing that the state and county available school funds shall be used exclusively for the payment of salaries

of teachers and superintendents and fees for taking the scholastic census, and that the surplus of the state fund may be used to pay janitors and for other enumerated purposes, does not authorize payments from the free school fund to a principal as janitor.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 313; Dec. Dig. ⚚144(5).]

Appeal from Val Verde County Court; J. Q. Henry, Judge.

Application by J. L. Dodson for mandamus to Josephine Jones, County Superintendent. From a judgment denying the application, the relator appeals. Affirmed.

J. L. Dodson, of Dallas, for appellant. Phil B. Foster, of Del Rio, for appellee.

FLY, C. J. Appellant sought a writ of mandamus to compel appellee, the superintendent of public instruction for Val Verde county, to pay certain vouchers which he claimed evidenced certain sums due him for services as janitor of a public school. The court heard the application and denied the mandamus.

Appellant was the principal of school No. 1, district No. 2; and was being paid the sum of $75 out of the free school money of the state. About the same time of his employment as principal, he was also employed by the trustees as janitor with a salary of $50 a month. Vouchers were issued to appellant for his services as janitor, and the county superintendent, N. S. Jones, approved two of them before he went out of office. He was succeeded by Miss Eva Strickland, and she refused to approve the seven remaining vouchers. The matter was appealed to the county board of education, then to the state superintendent, and finally to the state board of education; the last two mentioned sustaining the county superintendent. No special tax was levied by schools 1 and 2, with which appellant was connected, but were run on state money alone. Appellant performed services both as principal and janitor for nine months, the time for which he was employed by the trustees. Miss Strickland resigned and was succeeded by appellee. The vouchers were not presented to her for approval.

[1] The court found that the contract with appellant for his services as janitor was made to evade the terms of articles 2780 and 2781, Revised Statutes, which provide, among other things, that a teacher holding a first-grade certificate shall in no event receive more than $75 a month from the public free school fund. The court also found that a man named Tristan Maldanado was also employed as janitor in the same school in which appellant was employed as principal and janitor. The law could not be evaded in that way, and the vouchers granted by complacent trustees were properly rejected by the county superintendent. It is a preposterous proposition that a country school, or two country schools, would require the services of two janitors. We are of opinion that it was never intended that the principal of a school should be paid two salaries out of the public free school money.

[2] The first section of article 2772, Rev. Stats., which is cited by appellant, provides that the state and county available school funds shall be used exclusively for the payment of salaries of teachers and superintendents and fees for taking the scholastic census, and we fail to see what aid or comfort that gives a man who is endeavoring to obtain a part of the school fund for services as a janitor, when he was drawn for the same time pay as principal of the school. It is true that in the second section of the article cited it is provided that a surplus of such state fund may be used to pay janitors and for other enumerated purposes, but not to increase the pay of teachers. The other articles and decisions cited do not sustain the contention of appellant.

The judgment is affirmed.